# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MINH HANH THI HO, an individual and representative capacity as trustee; JOHN HO, in his individual and representative capacity as trustee; LIEM HOLSTON; and DOES 1-10,<br><br>　　　　　Defendants. | CASE NO. 13cv2867-GPB(JLB)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS PREMATURE**<br><br>[Dkt. No. 25.] |

　　　Before the Court is Defendants' motion for partial summary judgment and for the Court to decline supplemental jurisdiction. (Dkt. No. 25.) Plaintiff filed an opposition on July 9, 2014. (Dkt. No. 40.) A reply was filed by Defendants on July 22, 2014. (Dkt. No. 41.)

　　　Plaintiff brought a second amended complaint against Defendants for violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, and California Disabled Persons Act. (Dkt. No. 19.) In their motion, Defendants argue that the injunctive relief claim is now moot since their expert on May 9, 2014 inspected the subject property and concluded that the facility met or exceeded all applicable standards for disability accessibility. (Dkt. No. 25-5, Schlottman Decl. at 2:19-26.) Therefore, since Plaintiff's claim for injunctive relief is now moot and there is no

continuing federal jurisdiction, Plaintiff's state law claims for damages are more appropriately adjudicated in California state court.

In opposition, Plaintiff argues that the Court should deny or continue the motion under Federal Rule of Civil Procedure Rule 56(d)[1] on the basis that the motion is premature since not only is there a discovery stay, but plaintiff has not yet been able to inspect the property. In reply, Defendants do not dispute that Plaintiff has not been able to inspect the property and concede that their motion for partial summary judgment cannot go forward without Plaintiff's inspection of the property. Therefore, in the reply, Defendants ask the Court to issue an order "(1) determining the discovery dispute attached hereto as Exhibit '11', and (2) requiring any desired inspection to take place in no more than 10 days, so that the MPSJ can be adjudicated as close to the current motion hearing date as possible . . . ." (Dkt. No. 41 at 2.)

While the parties had agreed to an inspection date of June 25, 2014, it did not come to fruition. Both parties point the finger at each other as to the reasons why Plaintiff was unable to inspect the property on June 25, 2014.[2] In their reply, Defendants ask the Court to determine the discovery dispute at issue attached as Exhibit 11; however, that document references a Joint Motion for Resolution of Discovery Dispute filed in another case, 13cv2721-CAB(NLS), with similar issues, but not filed in this case.

First, the Court notes that it cannot resolve an issue that was filed in another case

---

[1]Rule 56(d) provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

[2]The parties should have contacted the Magistrate Judge for assistance in resolving this discovery dispute.

and not before it.  Moreover, the Court notes that on June 20, 2014, Defendants attempted to bring the matter before the Magistrate Judge by filing a document entitled "Qualified, Limited Objection to Site Inspection Demand."  However, that document was struck on discrepancy by Magistrate Judge Burkhardt for failure to comply with local or chambers rules.  (Dkt. No. 39.)  Over a month has passed and neither Defendants nor Plaintiffs have not followed up with the proper procedure in order to present this discovery issue to the Magistrate Judge prior to the hearing on Defendants' motion for partial summary judgment.

Accordingly, the Court DENIES Defendants' motion for partial summary judgment as PREMATURE.  The parties are directed to contact the chambers of Magistrate Judge Burkhardt to resolve the issue concerning inspection of the property and any relevant issues.  Prior to contacting the Chambers of Magistrate Judge Burkhardt, the parties are instructed to read Judge Burkhardts's Civil Chambers Rules regarding the procedure to present discovery disputes before her.  The Court **vacates** the hearing set for **August 8, 2014**.

IT IS SO ORDERED.

DATED: August 1, 2014

HON. GONZALO P. CURIEL
United States District Judge